## Devoe & Raynolds Company, Defendant in Error, v. Patrick O'Malley, Plaintiff in Error.

### Gen. No. 21,191.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916.

### Statement of the Case.

Action by Devoe & Raynolds Company, a corporation, plaintiff, against Patrick O'Malley, defendant, in the Municipal Court of Chicago, to recover for paints, etc., delivered at and used in decorating defendant's building. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

Thomas J. O'Hare, for plaintiff in error.

Elbert C. Ferguson, for defendant in error.

Mr. Justice Goodwin delivered the opinion of the court.

### Abstract of the Decision.

1. Evidence, § 475*—*what constitutes preponderance.* The question of the preponderance of the evidence does not depend solely on the number of the witnesses testifying.

2. Sales, § 329*—*what evidence may be considered in determining preponderance of evidence in action against owner of building for materials sold.* In an action to recover for paints, etc., where the defense was that defendant did not order the goods, which defendant claimed were for the benefit of his lessee, the court trying the case without a jury has the right to take into consideration, in determining the preponderance of the evidence, the fact that the goods were delivered at and used in decorating defendant's building, and that when defendant received a bill for the goods he did not repudiate liability, although such facts, of themselves, might

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not be sufficient to warrant the inference that defendant admitted responsibility for the bill.

3. SALES, § 329*—*when evidence sufficient to sustain finding that owner of building assumed responsibility for payment for goods.* In an action to recover for paints, etc., delivered at and used in decorating defendant's building, where the evidence was conflicting as to whether defendant assumed responsibility for the bill, a finding for plaintiff *held* supported by the evidence.